FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 24 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GARY LEVI,

                Plaintiff,

-against-

PENNCRO ASSOCIATES, INC.,

                Defendant(s).
-----------------------------------------------------------------X

Civil Action No.:
**10 5466**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

SPATT, J.  BOYLE, M.J.

Plaintiff GARY LEVI ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant PENNCRO ASSOCIATES, INC hereinafter referred to as Defendant(s)", respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1.    Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2.    Plaintiff is a resident of the State of New York, residing at 130 Shore Rd., Port Washington, N.Y. 11050.

3.    Defendant is a Pennsylvania corporation with its address at 95 James Way Ste. 113, Southampton, PA 18966.

4.    Defendant PENNCRO ASSOCIATES, INC. is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

5.  The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7.  Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8.  The Plaintiff approximately the beginning of August 2010 received several messages from the Defendant through its debt collector Neil Thomas.

9.  The Defendant's messages were left on the answering machine of the Plaintiff.

10. The Defendant's message that the Plaintiff saved is the following: "Hi Gary, this is Neil Thomas, I need you to return my call at 800.678.1826, extension 2666. Thanks."

11. The Defendant's messages violated 15 USC §1692e (11) by failing to include in the message the required disclosures identifying themselves as debt collectors.

12. The Defendant further violated 15 USC §1692d (6) by the placing of telephone calls without meaningful disclosure of the debt collection agency that was calling.

13. The Defendant further violated the Plaintiff's right under 15 USC §1692e – preface and e(10) by using a deceptive and misleading means to attempt to collect a debt as well as violating 15 USC §1692f –preface by using an unfair and unconscionable means to collect a debt when calling the Plaintiff and when the Plaintiff returned those calls and

the Defendant attempted to collect the debt but admitted that they no longer had the account to collect on it. The Defendant through Neil Thomas further stated: "Yeah, I just wanted to see if your, if your funds came through, you know, maybe you can get the account and get this thing done."

14. The Defendant further replied to Gary's inquiry: "What is it you can do for me?" with "There's nothing I can do for you unless you have some cash available Gary."

15. And further in response to the Plaintiff's question: "So you're trying to collect it still? Is that how it works?" the Defendant stated "We can still make it happen, I can, I can put in a request and get it back, you know".

16. The Defendant no longer having the account as it was taken back by the creditor BMW and given to another collection agency who had already contacted the Plaintiff concerning resolving the debt. This deception on the part of the Defendant and the Defendant's continuous attempt to collect the debt by further calling the Plaintiff throughout the months of August, September and into November are a violation of 15 USC §1692e- preface and e(10), and 15 USC §1692f- preface.

### FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

17. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "16" herein with the same force and effect as if the same were set forth at length herein.

18. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC §1692e (11), 15 USC §1692e – preface and e (10), and 15 USC §1692f-preface.

19. As a result of Defendant's violations of the FDCPA, Plaintiff has been

damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
*(Violations of N.Y.S. Gen Bus. §349 (a) Deceptive Practices and Acts)*

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21. Defendant's debt collection efforts by attempting to collect a debt from the Plaintiff that was no longer an account they possessed, and for which they no longer the authority to collect on violated New York State General Business Law §349 Deceptive Acts and Practice.

## DEMAND FOR TRIAL BY JURY

22. Plaintiff GARY LEVI hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff GARY LEVI demands judgment from the Defendants as follows:

    A.    For actual damages provided and pursuant to 15 USC §1692k (a) (1); and to New York State General Business Law §349(h) Deceptive Acts and Practice.

    B.    For statutory damages provided and pursuant to 15 USC §1692k (2) (A); and New York State General Business Law §349 (h) Deceptive Acts and Practice.

    C.    For statutory damages provided and pursuant to 15 USC §1692k (2) (B);

    D.    For attorneys' fees and costs provided and pursuant to 15 USC §1692k (a) (3); and pursuant to New York State General Business Law §349 (h) Deceptive

Acts and Practice.

E.   A declaration that the Defendant's practices violated the FDCPA; and the New York State General Business Law §349 Deceptive Acts and Practice.

F.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:   New York, New York
November 23, 2010

Respectfully submitted,

By: _____
M. Harvey Rephen, (MR3384), Esq.
M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:   (212) 796-0930
Facsimile: (212) 330-7582
*Attorney for the Plaintiff Gary Levi*

To:   Penncro Associates, Inc.
95 James Way, ste 113
Southampton, PA 18966

*(Via Prescribed Service)*
Clerk,
United States District Court, Eastern of New York
*(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CASE NO.:

GARY LEVI,

                Plaintiff(s),

-against-

PENNCRO ASSOCIATES, INC

                Defendant(s).

---

## COMPLAINT

---

*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*708 Third Avenue, 6th Floor*
*New York, New York 10017*
*Phone:   (212) 796-0930*
*Facsimile: (212) 330-7582*

---